WELCH, Judge,
dissenting.
Karen Skipper appeals her guilty-plea conviction for possession of a controlled substance. The controlled substance — described as “several mini clear plastic bags with residue” — was found during a traffic stop and search of Skipper’s person. Skipper argues that Officer Michael Bead-nell exceeded the scope of a permissible patdown search for weapons pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), when he reached into her pocket after he felt a bulge that he could not identify as a weapon. In its unpublished memorandum, the majority holds that Officer Beadnell had a reasonable suspicion that the bulge might have been weapon and that the removal of the small plastic bags from her pocket was permissible as part of his investigation in the interest of his safety. I disagree.
The United State Supreme Court in Terry held that, during a brief investigatory stop, an officer may conduct a patdown search of the outer clothing of the person if the officer “is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others.” Terry, 392 U.S. at 24. Any search, however, must be “limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.” Terry, 392 U.S. at 26.
The majority quotes an Alabama case elaborating on the Terry principles, B.A.H. v. State, 28 So.3d 29, 34 (Ala.Crim.App.2009):
“ ‘During- a Terry stop, the search conducted by a police officer is limited in scope to a ‘pat-down’ of the suspects’ outer clothing and to seizure of hard objects whose size and shape give the officer probable cause to believe they are weapons. The police officer may intrude beneath the outer surface of the suspect’s clothing only if the police officer feels an object he reasonably suspects may be a weapon.’ ”
(Internal quotation marks and citations omitted; emphasis added.)
The majority ignores the dictates of B.A.H., however. The bulge in Skipper’s pocket was not hard, and it was not of the size or shape to give the officer any cause or suspicion to believe it was a weapon.
During his testimony at the hearing on the motion to suppress, Officer Beadnell stated: “As I was patting her down, I felt a bulge in her right front pocket. I asked her what it was. She said she didn’t know. *1076 Once I removed it from her pocket, there were several mini clear plastic bags with a residue in it.” (R. 6.) At that point in his testimony, it is clear that Officer Beadnell was not expressing that he had any concerns for his safety based on the bulge in Skipper’s pocket. Rather, he removed the small bags from her pocket because he could not identify what they were, and he certainly did not identify them as a hard object of the size and shape of any kind of weapon. His subsequent testimony under questioning by the prosecutor also failed to provide the reasonable suspicion necessary for the intrusion into Skipper’s pocket:
“Q. When you did the patdown of her, did you feel the baggies in her pocket?
“A. I did.
“Q. Could you tell that that was — why did you get them out?
“A. I didn’t know what it was. I didn’t know if she was, you know, trying to conceal something, or, you know, or she was going to go for a weapon. It was a big bulge in her pocket.”
(R. 7.)
Continuing to testify that he did not know what the bulge was, and certainly not testifying that it was a hard object whose size and shape gave him reasonable suspicion to believe it was a weapon, Bead-nell established that he reached into Skipper’s pocket out of uncertainty and curiosity rather than out of any fear for his safety. As the Supreme Court stated in Terry: “[I]n determining whether the officer acted reasonably ..., due weight must be given, not to his inchoate and unparticu-larized suspicion or ‘hunch,’ but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.” 392 U.S. at 27. Beadnell did not express that he had even a hunch that Skipper had a weapon in her pocket.
Because the State failed to meet its burden of showing that Beadnell’s removal of the plastic bags from Skipper’s pocket was necessary for officer safety based on a belief the bulge in her pocket was a weapon, the trial court erred when it denied Skipper’s motion to suppress. Skipper’s conviction should be reversed. Therefore, I dissent.